DACHMAN, PLAINTIFF-APPELLEE, *v.* HOUSE, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26028.   Decided December 13, 1962.

*Messrs. Dachman & Dachman*, for plaintiff-appellee.
*Mr. Moses H. Dixon*, for defendant-appellant.

(RADCLIFF, P. J., COLLIER and BROWN, JJ., of the Fourth District, sitting by designation in the Eighth District.)

COLLIER, J. The plaintiff-appellee brought this action in the Municipal Court of Cleveland against Walton S. House and Lovelene House, husband and wife, to recover legal fees for services rendered by the plaintiff on behalf of Lovelene House in a divorce case between said parties in the Common Pleas Court of Cuyahoga County, Ohio. Judgment in favor of the plaintiff was entered in the Municipal Court agains the defendant, Walton S. House, and the petition was dismissed without prejudice as to Lovelene House. The defendant, Walton S. House has perfected his appeal to this court on questions of law.

The bill of exceptions is in narrative form and, as corrected by the trial judge, simply recites that plaintiff is an attorney-at-law, that he represented Lovelene House in a divorce action in Case No. 710,652 in the Common Pleas Court of Cuyahoga County, Ohio; that both parties were represented by counsel and that a separation agreement was entered into and signed by both parties, in which the defendant, Walton S. House, agreed to pay the sum of $1,000.00 directly to Jerome M. Dachman, the wife's attorney, for all services rendered in said divorce proceeding; that no part of this money has been paid; that it was further testified that the separation agreement was incorporated into and made a part of the journal entry in the divorce proceeding; that the defendant, Walton S. House, offered no evidence in the trial of the case.

It is well established that a reviewing court in an appeal on question of law may not consider any evidence not incorporated and made a part of the bill of exceptions. Counsel, in oral arguments and briefs, have gone far beyond the record in

this case. As we view the record, the simple question is whether the plaintiff may maintain an independent action to recover attorney fees allowed in the divorce proceeding to the wife with the consent and agreement of the defendant to pay said sum directly to Mr. Dachman.

The authorities are in conflict on the right of an attorney to enforce an order allowing attorney fees for the wife against the husband in divorce cases, but it is generally held that the husband is liable on his express promise to pay such fees. The rule is stated in 17 American Jurisprudence, 712, Section 638, Divorce and Separation, as follows:

"While a husband may be held liable on his express promise to pay, in the absence of such an agreement, the weight of American authority holds that he is not liable, in an independent action at law, for counsel fees incurred by his wife in the prosecution or defense of divorce proceedings."

The record in this case does not present the question of liability of the husband for services rendererd under the class of necessaries. See *Dworkan* v. *Miller,* 94 N. E. (2d), 705. And without the journal entry in the divorce proceeding before us, we cannot give it any consideration; although, as a general rule, liability of the husband may not be based upon such judgment for the reason the attorney is not a party to the divorce action and a judgment thus rendered would, therefore, be void. See Nelson on Divorce and Annulment, 2d Ed. Vol. 3, page 233; 26 American Jurisprudence, 976, 118 A. L. R., 1138; 42 A. L. R., 315; 25 A. L. R., 354.

Our conclusion is that upon the undisputed evidence of an express written agreement by the defendant to pay directly to the plaintiff a specific amount for legal services rendered defendant's wife in the divorce proceeding, and upon that basis alone, the judgment of the trial court was correct and, therefore, is affirmed.

Judgment affirmed.

RADCLIFF, P. J., and BROWN, J., concur.